Ruth Anderson
vs.
W. V. Polleys, Jr., as Receiver for W. V. Polleys Co. } W. C. A. No. 1389.

## DECISION.

### November 1, 1932.

WALSH, J. This is a petition by Ruth Anderson, as dependent, filed against W. V. Polleys, Jr., Receiver for W. V. Polleys Company, a corporation, incorporated under the laws of Rhode Island and having its place of business in East Providence.

The petition sets forth that on the 31st day of October, 1931, George Anderson was in the employ of the Receiver at Bristol, Rhode Island, and had been in the employ of the Receiver for a few months prior to said date; that while he was engaged in the work of his employer driving spiles at Bristol, he was struck by one of the spiles as a result of which he later died.

There is no dispute that this George Anderson was the husband of the petitioner and that the injury that he received on that date resulted in his death, but there is a serious dispute between the parties as to whether on that date George Anderson was the employee of W. V. Polleys, Jr., as Receiver, or the employee of W. V. Polleys, Jr., as an individual.

The evidence in this case tends to show that in June of 1931 this George Anderson was in the employ of Polleys, Receiver, doing marine work at the plant of the Standard Oil Company in East Providence; that he remained there in the employ of the Receiver until shortly before this occurrence, a week before or eight days before; that in October, on about the 20th, we should say from the evidence, (if this accident took place on the 31st) on a Friday, according to one of the witnesses, the deceased and three other men were ordered by Mr. Polleys to East Providence, there to rig up a combination spile driver and lighter and load on to it spiles; that they worked in East Providence on Friday and Saturday of that particular week, doing this particular work, and that on Saturday noon of that week they received for their week's pay checks signed by W. V. Polleys, Jr., Receiver for W. V. Polleys Company. On the succeeding Monday, they were towed to Bristol by a tug boat, arriving there Monday noon; that while they were working at Bristol on this spile driving job on the succeeding Friday or Saturday Anderson received the injuries from which he died.

There is absolutely no contradiction of the fact that Polleys never told these men at any time that they were employed by him as an individual. He says so himself. When they left the Standard Oil Company job, the only orders they received were from Polleys that a tugboat was coming for them and the lighter to take them to Bristol. Polleys says in substance: "I didn't tell the men themselves that they were working for me on this Bristol job as a private enterprise. I didn't go to the Court having jurisdiction over the receivership proceedings and get permission to do this Bristol job. I went ahead and I got this contract from the United States Government in my own name. I was doing this job in my own name and the men knew nothing about it", and he urges that as a reason why the Workmen's Compensation Act should not apply to the Receiver of the corporation.

The argument is made that the creditors of this corporation have a

right to say that the assets of the receivership come to them; that if the Receiver doesn't proceed in accordance with the orders of the Court they are not responsible; they are entitled to their money, the Workmen's Compensation Act to the contrary notwithstanding.

These employees, including George Anderson, entered into a contract of employment with W. V. Polleys, Jr., Receiver, in June of 1931, and there is absolutely no evidence that that contract of employment with Polleys, Receiver, was ever terminated by the consent of the parties. There is every reason to believe that all these four men, including the deceased up to the time of his death, were under the impression that they were working for Polleys, Receiver, and not for Polleys as an individual.

What this Court may do in the collateral proceeding here of receivership in this matter does not interest us at the present time except to this extent: It is a cardinal principle of the law of trusts that the trustee shall never be allowed to use the trust estate to his own profit and advantage and to the detriment of his cestui and we think that principle might well be applied to receivership.

In this case Mr. Polleys was not engaged personally in the business of building docks or repairing docks or driving spiles. He was selling equipment for such purposes three months before the receivership and not until after he was appointed receiver did he go into business in competition with the receivership, on his own motion.

The purpose of the Workmen's Compensation Act is to protect the employee as well as the employer. In this case the evidence conclusively shows that George Anderson from June, 1931, up to the date of his death October 31st, 1931, was in the employ of W. V. Polleys, Jr., as Receiver for W. V. Polleys Company, and nobody else. I find that as a matter of fact.

Having found that as a matter of fact, and that being the only point in dispute, the petitioner is entitled to the relief she prays for and the decree may be entered to that effect.

For petitioner: Francis I. McCanna.

For respondent: Comstock & Canning, Andrew Quinn.